UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAI YAN DENG,<br><br>      Plaintiff,<br><br>-against-<br><br>NYPD 109TH DET. SQUAD IN FLUSHING QUEENS; NYPD PROPERTY CLERK OFFICE; JONATHAN SELKOW (ADA),<br><br>      Defendants. | 1:25-CV-6510 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Hai Yan Deng, who is currently incarcerated in the Bedford Hills Correctional Facility, brings this *pro se* action asserting claims that "they transferred all of my valuable property to the decease[d] [*sic*]." (ECF 1, at 2). She sues: (1) the "NYPD 109th Det. Squad in Flushing Queens," located in Queens County, New York; (2) the "NYPD Property Clerk Office," which appears to also be located in Queens County; and (3) Queens County Assistant District Attorney Jonathan Selkowe. Plaintiff seeks damages and injunctive relief. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

  The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

In is unclear whether two of the defendants—a New York City Police Department ("NYPD") detective squad located within its 109th Precinct, and a NYPD Property Clerk Office, which are both located in Queens County—are suable entities; to the extent that Plaintiff meant to sue the City of New York, it resides within both this judicial district and in the Eastern District of New York.[1] With respect to the remaining defendant, Queens County Assistant District Attorney Jonathan Selkowe, Plaintiff does not allege where he resides, let alone, that he resides within the State of New York. Thus, it is not clear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff does allege, however, that a substantial part, if not all of the alleged events that are the bases of her action occurred within Queens County (ECF 1, at 3-5), within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, while it is not clear that this court is a proper venue for this action under Section 1391(b)(1), it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff alleges that a substantial part, if not all of the events giving rise to her claims occurred within the Eastern District of New York, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 12, 2025
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge