UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 25-CV-05370 (RER) (MMH)

———————————

Hai Yan Deng

versus

NYPD 109 Pct Squad in Flushing
Queens; NYPD Property Clerk Office;
Jonathan Selkowe, ADA

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* Plaintiff Hai Yan Deng, who is currently incarcerated at Bedford Hills Correctional Facility, filed this action in the United States District Court for the Southern District of New York, which transferred the action to this Court on September 25, 2025. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons stated below, the complaint is dismissed.

**BACKGROUND**

Plaintiff brings this action for negligence. She claims that after her conviction, property clerks with the New York City Police Department "transferred all of [her] valuable property" to the family of Justin Li, the man she was convicted of killing.[1] (ECF No. 1 at

---

[1] *See* https://queensda.org/queens-woman-sentenced-to-27-years-in-prison-for-manslaughter-and-burglary/ (last visited Sept. 26, 2025) (Queens County District Attorney's Office press release noting that Plaintiff was sentenced to 27 years in prison for killing Justin Li, as well as, a separate charge for burglary).

4). Plaintiff states that she was informed that the property in question was in the victim's name and therefore not be released to her. (*Id.*) Plaintiff states that she is a "victim of robbery" because she did not consent to the transfer of property she claims is hers. (*Id.*) The property in question includes an iPad and multiple cellphones. Plaintiff requests the return of the property and monetary damages.

## **LEGAL STANDARD**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally, interpreting it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents, and dismiss the complaint, or any portion of the complaint, if the complaint or a portion of it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is "mandatory"). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines

that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Deprivation of property by a state actor, whether done intentionally or negligently, will not support a due process claim redressable under § 1983 if "adequate state post-deprivation remedies are available." *Davis v. New York*, 311 Fed.Appx. 397, 400 (2d Cir. 2009) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)) (dismissing deprivation of property claim under § 1983 where defendants failed to deliver package to inmate because other state remedies were available). New York has adequate post-deprivation state remedies. That is, Plaintiff may bring a state law claim for negligence, replevin, or conversion with the Court of Claims. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (affirming dismissal of inmate's claim that property was taken by correctional officers because "no civil rights action lies if the state provides an adequate compensatory remedy" and noting that New York's Court of Claims provided adequate post-deprivation remedies); *Burris v. Nassau Cnty. D.A.*, No. 14-CV-5540, 2024 WL 1345296, at *15 (E.D.N.Y. Mar. 30, 2024) (noting that there are adequate post-deprivation state remedies that Plaintiff could have used to retrieve his personal belongings); *Wahid v. Mogelnicki*, 406 F. Supp. 3d 247, 249–50 (E.D.N.Y. 2017) (dismissing plaintiff's deprivation of property claim given New York's adequate post-deprivation remedies). Here, an adequate post-deprivation remedy is available to Plaintiff for any alleged deprivation.

Furthermore, the 109 Police Precinct and the Property Clerk are not suable entities. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Williams v.*

3

*John*, No. 23-CV-9583, 2024 WL 1468112, at *3 (E.D.N.Y. Apr. 4, 2024) (police precinct not a suable entity); *Curry v. City of New York*, No. 10-CV-5847, 2011 WL 128571, at *4 (E.D.N.Y. Jan. 14, 2011) (noting that the New York City Property Clerk's Office is not a suable entity). Finally, aside from naming Assistant District Attorney Jonathan Selkowe in the caption of the complaint, Plaintiff makes no factual allegations against him. *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court is respectfully directed to enter judgment dismissing the action and mail a copy of the judgment and this Order to the Plaintiff.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.   9:56 A.M.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 6, 2025
        Brooklyn, NY